# EXHIBIT A

Approved, SCAO

Original - Court
1st copy - Defendant

2nd copy - Plaintiff
3rd copy - Return

| STATE OF MICHIGAN | | CASE NUMBER |
|---|---|---|
| 44th JUDICIAL DISTRICT JUDICIAL CIRCUIT Livingston COUNTY | SUMMONS | 26- 33327 -CD L. SUZANNE GEDDIS P-35307 |

**Court address**
204 S Highlander Way # 4, Howell, MI 48843

**Court telephone number**
(517) 546-9816

| Plaintiff's name, address, and telephone number | | Defendant's name, address, and telephone number |
|---|---|---|
| Rachel Bordine | v | OAK POINTE COUNTRY CLUB, INC. 3410 BELLE CHASE WAY STE 600 LANSING, MI 48911 |
| **Plaintiff's attorney bar number, address, and telephone number** Carla D. Aikens (P69530) 615 Griswold St., Suite 709 Detroit, MI 48226 844-835-2993 | | |

Instructions: Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**

☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (MC 21) listing those cases.

☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.

☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).

☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has

been previously filed in ☐ this court, ☐ _____ Court, where

it was given case number _____ and assigned to Judge _____

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk.     | SUMMONS |

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside of Michigan).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date 6 13 26 | Expiration date* 9 13 26 | Court clerk CF | ELIZABETH HUNDLEY CLERK OF THE CIRCUIT COURT |
|---|---|---|---|

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court. HOWELL, MICHIGAN 48843

MC 01 (3/23) **SUMMONS**
SRA

MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105

## STATE OF MICHIGAN
## IN THE CIRCUIT COURT FOR THE COUNTY OF LIVINGSTON

RACHEL BORDINE,

Plaintiff,

v.

OAK POINTE COUNTRY CLUB, INC.,

Defendants.

CASE NO.   26- 33327-CD

HON. L. SUZANNE GEDDIS P-35307

---

CARLA D. AIKENS, P.L.C
CARLA D. AIKENS (P69530)
THAMEKA I. HALL (P79693)
Attorneys for Plaintiff
615 Griswold, Suite 709
Detroit, Michigan 48226
844-835-2993
carla@aikenslawfirm.com
thameka@aikenslawfirm.com

---

Plaintiff, Rachel Bordine, by and through her attorneys, asserts there is no other civil action pending in this Honorable Court or any other Court arising out of the same transaction and occurrence.

### COMPLAINT

PLAINTIFF, RACHEL BORDINE, by and through her attorneys, Carla D. Aikens, P.L.C., submits the following Complaint against DEFENDANTS, OAK POINTE COUNTRY CLUB, INVITED CLUBS, INC. (hereinafter referred to as "Defendants" or "Oak Pointe").

### JURY DEMAND

Plaintiff, Rachel Bordine, hereby demands trial by jury on all issues so triable.

### JURISDICTION

1

1. At all times relevant to this action, Plaintiff Rachel Bordine was a resident of the State of Michigan, County of Livingston.

2. Defendant Oak Pointe Country Club is a domestic profit company with continuous and systematic business operations in Livingston County, State of Michigan.

3. All relevant actions giving rise to this complaint took place in Livingston County, Michigan.

4. Jurisdiction is proper pursuant to the Elliott-Larsen Civil Rights Act, MCL 37.2101 et seq., the Michigan Whistleblowers' Protection Act, MCL 15.361 et seq., and common law tort and wage claims.

5. Venue is proper in the Circuit Court for the County of Livingston because Defendants operate in Livingston County, the unlawful conduct occurred in Livingston County, and Plaintiff resides in Livingston County.

## STATEMENT OF FACTS

7. Plaintiff, Rachel Bordine, was hired by Defendant Oak Pointe Country Club on January 19, 2024, as a Banquet Chef at $35 per hour. On her first day, the Executive Chef was terminated and Plaintiff assumed both roles. In the fall of 2024, her title was formalized as Executive Sous Chef at a salary of $80,000 per year with benefits and bonus incentives.

8. Plaintiff was pressured to sign an employment contract during off-duty hours under threat that her position would be eliminated if she refused.

9. Despite repeated requests to Rob Hindley, Mark Sirjula, and Matt Baca, Defendants never provided Plaintiff with a copy of the contract requiring Plaintiff to work an average of 50 hours per week, though she regularly worked 80 or more hours in five-day periods without additional compensation.

2

10. Prior to the assault, Plaintiff and other staff members repeatedly complained to management about Jessica's poor hygiene, health code violations including working with uncovered open wounds on her arms and the bullying and on-the-job drinking of coworker Marcel Bordeau.

11. Management acknowledged the complaints but took no corrective action; three employees quit specifically because of Marcel Bordeau's conduct.

12. On October 18, 2025, at approximately 12:35 p.m., while Plaintiff was in the kitchen at Oak Pointe Country Club preparing for a banquet, coworker Jessica (also known as "Jason Disner") deliberately inhaled and sprayed saliva onto Plaintiff's face for approximately five to six seconds, causing saliva to enter Plaintiff's mouth and eye which coworker Kennedy Stilson witnessed the entire incident.

13. Plaintiff immediately reported the assault to Executive Chef Rob Hindley, who verbally acknowledged, "That is assault," but nonetheless allowed Jessica to finish her shift and sent her alone to confront Plaintiff. Hindley failed to advise Plaintiff to seek medical attention, failed to transmit Plaintiff's incident report up the chain of command as he had assured her he would, and required Plaintiff to continue working alongside Jessica.

14. After Plaintiff filed her assault report, and before she was scheduled to return to work, Hindley sent Plaintiff an email containing false, manipulated, and out-of-context accusations unrelated to the assault.

15. Plaintiff's FMLA leave was approved from October 23 to November 29, 2025. During this period, Defendants required Plaintiff to make daily phone calls to confirm her absence despite the approved leave and continued to schedule her for 50 hours per week.

16. Upon returning from an approved vacation, Plaintiff was pulled without prior notice into a closed-door meeting with General Manager Matt Baca, who accused her of "stealing time," repeatedly interrupted her attempts to respond, invoked his status as a lawyer to silence her

3

questions, and threatened that any separation — voluntary or involuntary — would result in a financial debt to the employer, which they would "do her a favor" by deducting from her accrued PTO.

17. Defendants docked eight hours from a recent paycheck without explanation and claimed Plaintiff owed back 74.50 hours of PTO, stating the balance would not be resolved until February 25, 2026 which Plaintiff received no response when she inquired about the unexplained deduction.

18. As a result of Defendants' conduct, Plaintiff was diagnosed with Post-Traumatic Stress Disorder, has undergone multiple therapy sessions at $100 per session, and has lost approximately three paychecks which she continues to suffer heightened anxiety, intrusive thoughts, and difficulty sleeping.

19. Plaintiff requests relief as described in the Prayer for Relief below.

## COUNT I

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

20. Plaintiff incorporates by reference all allegations in the preceding paragraphs.

21. Defendants engaged in extreme and outrageous conduct by deliberately spitting on Plaintiff, allowing the assailant to remain employed, sending the assailant alone to confront Plaintiff, and retaliating against Plaintiff for reporting the assault.

22. Defendants acted with intent to cause severe emotional distress or with reckless disregard for the substantial certainty that such distress would result.

23. Plaintiff suffered severe emotional distress, including a diagnosis of Post Traumatic Stress Disorder with symptoms of heightened anxiety, intrusive thoughts, and difficulty sleeping.

24. Plaintiff requests relief as described in the Prayer for Relief below.

## COUNT II

4

## NEGLIGENT SUPERVISION

25. Plaintiff incorporates by reference all allegations in the preceding paragraphs.

26. Defendant Oak Pointe Country Club owed a duty to supervise its employees, including Defendant Jessica.

27. Defendants had knowledge of Jessica's propensities and prior conduct, including repeated complaints regarding poor hygiene, health code violations, and working with uncovered open wounds.

28. Defendants breached their duty by failing to discipline, retrain, or remove Jessica despite repeated complaints and by allowing her to continue working alongside Plaintiff after the assault.

29. Defendants' breach directly and proximately caused Plaintiff's injuries.

30. Plaintiff requests relief as described in the Prayer for Relief below.

## COUNT III

## NEGLIGENT RETENTION

31. Plaintiff incorporates by reference all allegations in the preceding paragraphs.

32. Defendants had knowledge of Jessica's unfitness for employment based on repeated complaints regarding hygiene violations, health code violations, and the assault itself.

33. Despite this knowledge, Defendants failed to terminate or otherwise remove Jessica from the workplace.

34. The harm to Plaintiff was foreseeable given Jessica's known propensities and prior conduct.

35. Defendants' negligent retention of Jessica directly and proximately caused Plaintiff's physical and emotional injuries.

36. Plaintiff requests relief as described in the Prayer for Relief below.

## COUNT IV

## HOSTILE WORK ENVIRONMENT

5

37. Plaintiff incorporates by reference all allegations in the preceding paragraphs.

38. Plaintiff engaged in protected activity by reporting the assault, health code violations, and workplace safety violations to management.

39. Plaintiff was subjected to unwelcome conduct, including being required to work alongside her assailant, receiving false and manipulative accusations via email, being subjected to hostile closed-door meetings, and enduring continued exposure to unsanitary and unsafe working conditions.

40. The conduct was severe and pervasive, was both objectively and subjectively hostile, and substantially interfered with Plaintiff's employment and created an intimidating, hostile, and offensive work environment.

41. Defendants knew of the harassment through Plaintiff's complaints and reports and failed to take prompt and adequate remedial action.

42. Defendants are therefore liable under the Elliott-Larsen Civil Rights Act, MCL 37.2101 et seq., the Michigan Whistleblowers' Protection Act, MCL 15.361 et seq., and/or common law.

43. Plaintiff requests relief as described in the Prayer for Relief below.

## COUNT V

## RETALIATION

44. Plaintiff incorporates by reference all allegations in the preceding paragraphs.

45. Plaintiff engaged in protected activity by reporting the assault, filing incident and police reports, and reporting repeated health code and workplace safety violations.

46. Defendants knew about Plaintiff's protected activity.

47. Defendants thereafter subjected Plaintiff to materially adverse actions, including sending a retaliatory email with false accusations, pulling Plaintiff into a hostile meeting accusing her of

6

stealing time, docking her pay without explanation, and threatening her employment and financial security.

48. The temporal proximity between Plaintiff's complaints and Defendants' adverse actions, together with the surrounding facts alleged above, supports a plausible inference of a causal connection.

49. Defendants thereby retaliated against Plaintiff in violation of the Elliott-Larsen Civil Rights Act, MCL 37.2101 et seq., the Michigan Whistleblowers' Protection Act, MCL 15.361 et seq., and/or common law.

50. Plaintiff requests relief as described in the Prayer for Relief below.

## COUNT VI

### FMLA INTERFERENCE

51. Plaintiff incorporates by reference all allegations in the preceding paragraphs.

52. Plaintiff was entitled to FMLA leave as a qualifying employee under 29 U.S.C. § 2615.

53. Plaintiff's FMLA leave was approved from October 23, 2025, to November 29, 2025.

54. Defendants interfered with Plaintiff's FMLA rights by requiring her to make daily phone calls during approved leave, continuing to schedule her for 50 hours per week during leave, and threatening her employment status if she did not return.

55. Defendants' conduct violated Plaintiff's rights under the Family and Medical Leave Act, 29 U.S.C. § 2615.

56. Plaintiff requests relief as described in the Prayer for Relief below.

## COUNT VII

### FMLA RETALIATION

57. Plaintiff incorporates by reference all allegations in the preceding paragraphs.

58. Plaintiff exercised her rights under the FMLA by requesting and taking approved leave.

7

59. Defendants took adverse actions against Plaintiff because of her FMLA use, including requiring daily calls, continuing to schedule her during leave, issuing threats regarding her employment, and creating a hostile work environment designed to discourage her return.

60. The temporal proximity between Plaintiff's FMLA leave and Defendants' adverse actions supports a causal connection.

61. Defendants thereby retaliated against Plaintiff in violation of the Family and Medical Leave Act, 29 U.S.C. § 2615.

62. Plaintiff requests relief as described in the Prayer for Relief below.

## COUNT VIII

### WAGE AND HOUR VIOLATIONS

### (Michigan Payment of Wages and Fringe Benefits Act, MCL 408.471 et seq.)

63. Plaintiff incorporates by reference all allegations in the preceding paragraphs.

64. Plaintiff's employment contract required her to work an average of 50 hours per week, but she regularly worked significantly more, including weeks where she worked over 80 hours in five days.

65. Despite being classified as salaried and working 50 or more hours per week, Plaintiff was not paid overtime compensation for hours worked in excess of 40 hours per week.

66. Defendants improperly calculated Plaintiff's PTO accrual based on 40 hours per week when her contract required 50 hours per week, resulting in reduced benefits to which Plaintiff was entitled.

67. Defendants made unauthorized deductions from Plaintiff's wages, including an unexplained eight-hour deduction from a recent paycheck.

68. Defendants failed to maintain accurate time records reflecting Plaintiff's actual hours worked.

8

69. Defendants' conduct violated the Michigan Payment of Wages and Fringe Benefits Act, MCL 408.471 et seq., entitling Plaintiff to unpaid wages, liquidated damages, and statutory penalties.

70. Plaintiff requests relief as described in the Prayer for Relief below.

## COUNT IX

### UNLAWFUL WAGE DEDUCTION/WITHHOLDING

### (MCL 408.477)

71. Plaintiff incorporates by reference all allegations in the preceding paragraphs.

72. MCL 408.477 prohibits employers from making wage deductions without employee consent.

73. Defendants deducted eight hours from Plaintiff's paycheck without explanation or authorization.

74. Defendants threatened ongoing PTO offsets to recoup an alleged 74.50-hour "overpayment" without Plaintiff's authorization or consent.

75. Defendants informed Plaintiff they would deduct what she allegedly owed from her accrued PTO as a "favor" rather than requiring immediate repayment.

76. Plaintiff did not authorize these deductions or offsets from her wages or PTO.

77. Defendants' conduct violated MCL 408.477, entitling Plaintiff to damages, penalties, and other relief.

78. Plaintiff requests relief as described in the Prayer for Relief below.

## COUNT X

### BREACH OF EMPLOYMENT CONTRACT

79. Plaintiff incorporates by reference all allegations in the preceding paragraphs.

9

80. Plaintiff and Defendants entered into an employment contract requiring Plaintiff to work an average of 50 hours per week at a salary of $80,000 per year with benefits and bonus incentives.

81. Defendants breached the contract by failing to provide Plaintiff with a copy of the contract despite repeated requests to Rob Hindley, Mark Sirjula, and Matt Baca.

82. Defendants breached the contract by failing to compensate Plaintiff for all hours worked and by improperly calculating PTO accrual.

83. Defendants threatened to eliminate Plaintiff's position if she did not sign the contract, constituting duress and breach of the implied covenant of good faith and fair dealing.

84. As a direct and proximate result of Defendants' breaches, Plaintiff suffered damages including lost wages, lost benefits, and emotional distress.

85. Plaintiff requests relief as described in the Prayer for Relief below.

## RELIEF REQUESTED

WHEREFORE, Plaintiff, RACHEL BORDINE, respectfully requests that this Court enter judgment against Defendants as follows:

a. Compensatory damages in whatever amount above $25,000 to which Plaintiff is entitled;
b. Exemplary damages in whatever amount above $25,000 to which Plaintiff is entitled;
c. An award of lost wages and the value of fringe benefits, past and future;
d. Non-economic damages for pain and suffering, emotional distress, and mental anguish in whatever amount to which Plaintiff is entitled;
e. Statutory damages, penalties, and liquidated damages under applicable law, including the Family and Medical Leave Act and the Michigan Payment of Wages and Fringe Benefits Act;
f. Pre-judgment and post-judgment interest;
g. An award of costs and reasonable attorney fees; and
h. An order awarding whatever other equitable relief appears appropriate at the time of final judgment.

DATED: June 4, 2026                          Respectfully Submitted,

CARLA D. AIKENS, P.L.C.

10

/s/ Carla D. Aikens
Carla D. Aikens (P69530)
Thameka I. Hall (P79693)
*Attorneys for Plaintiff*
615 Griswold Street, Suite 709
Detroit, MI 48226
carla@aikenslawfirm.com
thameka@aikenslawfirm.com

**STATE OF MICHIGAN**

**IN THE 44TH CIRCUIT COURT FOR THE COUNTY OF LIVINGSTON**

**JUNE 2026 CIVIL SCHEDULING & TRIAL ORDER**

**JUDGE L. SUZANNE GEDDIS**

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Rachel Bordine ,
Plaintiff,

v                                                   Case No. 26-33327-CB

Oak Pointe Country Club, INC ,
Defendants.


**PLEASE TAKE NOTICE OF THE FOLLOWING REQUIREMENTS OF THE COURT:**

Attorneys and parties SHALL ATTEND ALL SCHEDULED COURT DATES.

Status Conference (*via Zoom ID 4083222039 PC 78467744*)          December 4, 2026 at  *3:30pm*

Discovery Terminates:                                             February 5, 2027

Case Evaluation:                                                 March 31, 2027
***Note: The time for case evaluation will be set by the ADR clerk. You will receive a separate
notice from the ADR clerk with exact time of scheduled case evaluation.*

Final Pretrial: (*via Zoom ID 4083222039 PC 78467744*)          May 7, 2027 at   *10:00AM*

Jury/ Bench Trial:   **To be addressed at the Final Pretrial**

***You will receive no other notices of scheduled dates.**

**PLAINTIFF/THIRD PARTY PLAINTIFF SHALL SERVE A COPY OF THIS ORDER and
all attachments thereto upon each Defendant/Third Party Defendant in the case in the same
manner as, and at the same time as, the service of the Summons and Complaint/Third Party
Complaint. Proof of Service shall be filed with the Clerk of the Court. All persons receiving this
notice shall immediately notify all other parties that they have received a copy of this order.**

**ATTORNEYS AND/OR PRO PER PARTIES SHALL ATTEND ALL DATES** scheduled by this Court. Furthermore, all parties and the trial attorneys must attend the final pretrial and trial unless they are excused by the Court in advance. The attorney attending the final pretrial must be the trial attorney unless the Court has excused the trial attorney's absence in advance. Additionally, representatives of business entities and/or representatives of insurance carriers who have authority to settle the case shall attend the final pretrial, in person, unless explicitly excused by the Court. All requests to be excused or to participate in some way other than in person must be made in writing. FAILURE TO APPEAR AT ANY COURT SCHEDULED DATE MAY RESULT IN SANCTIONS ALLOWED UNDER THE COURT RULES, INCLUDING DEFAULT OR DISMISSAL.

**STATUS CONFERENCE AND FINAL PRETRIAL:**

*** *WILL BE CONDUCTED VIA ZOOM*** *
****UNLESS OTHERWISE INSTRUCTED BY THE COURT*** *

The following documents are due no later than the scheduled status conference. Only attorneys and parties proceeding in pro per are required to attend the status conference. The forms referenced below may be obtained from the circuit court clerk by visiting the window or visiting the website at https://MILIVCOUNTY.GOV/CLERK-CIRCUIT-COURT/FORMS/

- **Order for Mediation:** Mediation under MCR 2.411 is ordered for all civil cases. The parties shall confer prior to the status conference as to the selection of a mediator. In absence of agreement, a mediator will be selected by the Court pursuant to MCR 2.411(B)(3). Mediation must be completed prior to case evaluation. Failure to complete mediation may result in sanctions allowed under the court rules.

- **Witness Lists, Exhibit List and Pretrial Statements:** on forms similar to those provided on the county website. (Original and Judge's Copy shall be provided.)

- **Stipulation that no other parties are to be added.**

Unless otherwise specifically directed by the Court or Court staff, attendance is required, even if all documents are submitted timely. *The status conference will take place via Zoom, unless the Court explicitly instructs otherwise. Zoom Instructions are attached to this Order. Plaintiff must serve the Zoom Instructions on Defendant along with this Order.*

**MOTIONS:** All motions are heard via Zoom ID **7539674155** passcode **04142020** and shall be scheduled for a regular motion day. An original and Judge's Copy are required for all motions. All motions, including motions in limine, shall be filed and argued no later than 30 days before the scheduled trial date, unless the necessity of the motion could not have been reasonably anticipated.

**Praecipes** are required to file a motion before the Court. Appropriate forms are available at the county website. Please read the praecipe carefully for instructions and follow the appropriate Court Rules for filing motions.

**Adjournments** of motions must be requested through the Judge's office with opposing party's knowledge. Only the moving party shall request the adjournment. Good cause for adjournments must be shown, pursuant to MCR 2.503. A **re-notice** of hearing and a **re-praecipe** are required.

Motions to **add parties** must be filed and argued no later than 180 days after service of this order; delay of trial will be a factor when considering if such a motion should be granted.

All **dispositive motions** must be filed and argued before case evaluation. Each motion, brief, and any response to such motion shall be submitted in Word format ONLY and emailed to JudgeGeddisMotions@livgov.com at the same time that the original and Judge's Copy are submitted to the Clerk of the Court. Exhibits for summary disposition motions must be included in digital submissions. Exhibits should be in .pdf or .jpg format. Electronic submission of a proposed judgment supported by findings of fact in the party's favor is required with each summary disposition motion and/or response.

**TRIAL EXHIBITS:** Each party shall exchange all proposed exhibits with all other parties no later than 10 days before trial. Each party shall provide a bench copy of all proposed exhibits with index to the Judge's Chambers on the Monday before the final pretrial. The parties shall confer on the admissibility of each exhibit before the final pretrial. Each exhibit must be marked at or before the final pretrial. If an exhibit contains multiple pages, each individual page must be identified and marked (e.g. Exhibit A, page 1-1 or Exhibit 1, page 201-500). An **index** on a form similar to that contained on the above website, together with an **indexed final bench copy** of the exhibits shall be left with the Judge's Chambers at the time of the final pretrial conference. If an exhibit cannot be conveniently copied, it should still be included on the index. **Plaintiff's exhibits are to be identified with numbers and Defendant's exhibits with letters.** Disputed exhibits shall be ruled upon at final pretrial. No further exhibits shall be admitted at trial, except for good cause shown. Each party's exhibit package shall include an original (for witness), a bench copy (for Judge), a copy for opposing party(ies), and a copy for *each* juror.

**VOIR DIRE** requests shall be submitted in writing before the close of the final pretrial conference.

**PROPOSED JURY INSTRUCTIONS:** Preliminary and final jury instructions and a proposed verdict form shall be submitted to the Judge's Chambers no later than the day before the final pretrial in hard copy and in Word format ONLY (.pdf format is not acceptable). Preliminary instructions shall begin with Chapter 2 standard instructions. An original, bench copy, and copy for each juror shall be provided.

Instructions shall be full text, double spaced, one sided, one instruction per page, with no firm names or case caption. Each instruction shall be complete for the specific case and ready for presentation to the jury in compliance with MCR 2.512(A), MCR2.513(A), and MCR 2.513(N)(3). Attorneys **shall confer** 10 days before trial in an attempt to agree on one set of standard instructions. Disputed instructions shall be noted as such. Additional instructions may be submitted if factual development requires the same.

**DE BENE ESSE DEPOSITIONS:** De bene esse depositions shall be admitted at trial only as provided in the Michigan Rules of Evidence. MCR 2.308(A). The proponent of the deposition

shall notify the opposition, in writing, of their intent to use the deposition(s) at least 14 days prior to the final pre-trial. The opponent shall notify the proponent, in writing, of evidentiary objections at least 5 days prior to the final pre-trial. The Judge will rule on evidentiary objections at the final pre-trial. Objections to de bene esse depositions are subject to MCR 2.308(B)-(C), and MCR 2.306(C)(4).

**TRIAL BRIEFS:** The parties shall submit to the Judge's Chambers the day before the final pretrial the following, in both hard copy and in Word format ONLY: 1) proposed **statement of facts** to be used by the Court in deciding factual disputes, with reference to the witness from whom the testimony will come; 2) a **brief summary of major arguments** the parties anticipate raising; 3) a proposed **final order.**

**COURTROOM TECHNOLOGY:** All courtroom technology to be used for trial, including party-supplied technology, video files, audio files, and any other media that requires use of the courtroom speakers and/or television screen shall be field tested in the courtroom no later than the date of the final pretrial. Arrangements for testing shall be made with the Judge's staff prior to the date of the final pretrial. See **MRE 403 ("Although relevant, evidence may be excluded if its probative value is substantially outweighed by . . . considerations of undue delay, waste of time, or needless presentation of cumulative evidence."**

**OPENING STATEMENTS AND CLOSING ARGUMENTS:** Unless otherwise ordered by the Court, each party's opening statement will be limited to 20 minutes, pursuant to MCR 2.513(C). If parties' interests are essentially identical, they will have a total of 20 minutes for an opening statement. Unless otherwise ordered by the Court, closing arguments for each party shall not exceed 30 minutes, pursuant to MCR 2.513(L). Parties whose interests are essentially identical will have a total of 30 minutes. The Plaintiff may have an additional 10 minutes for any rebuttal.

        **IT IS SO ORDERED.**

Hon. L. Suzanne Geddis (P35307)
Circuit Court Judge

I certify that a copy of this Scheduling Order was provided to the Plaintiff/Third Party Plaintiff on ___June 4ᵗʰ____, 2026, by ☐ Mail ☐ Personally ☐ Attorney Email or ☐ Other.

Livingston County Clerk / Assignment Clerk